## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MARC WATERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| WADDELL & REED FINANCIAL, INC., | ) |
| THOMAS C. GODLASKY, KATHIE J. | ) |
| ANDRADE, SHARILYN S. GASAWAY, | ) |
| JAMES A. JESSEE, KATHRINE M.A. | ) |
| KLINE, DENNIS E. LOGUE, MICHEAL F. | ) |
| MORRISSEY, PHILIP J. SANDERS, and | ) |
| JERRY W. WALTON, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on December 2, 2020 (the "Proposed Transaction"), pursuant to which Waddell & Reed Financial, Inc. ("Waddell" or the "Company") will be acquired by Macquarie Management Holdings, Inc. ("Parent") and Merry Merger Sub, Inc. ("Merger Sub," and together with Parent, "Macquarie").

2.      On December 2, 2020, Waddell's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Macquarie.  Pursuant to the terms of the Merger Agreement, Waddell's stockholders will receive $25.00 in cash for each share of Waddell common stock they own.

3.      On January 22, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Waddell common stock.

9.      Defendant Waddell is a Delaware corporation and a party to the Merger Agreement. Waddell's common stock is traded on the NYSE under the ticker symbol "WDR."

10.     Defendant Thomas C. Godlasky is Chairman of the Board of the Company.

11.     Defendant Kathie J. Andrade is a director of the Company.

12.     Defendant Sharilyn S. Gasaway is a director of the Company.

13.     Defendant James A. Jessee is a director of the Company.

14.     Defendant Katherine M.A. Kline is a director of the Company.

15.     Defendant Dennis E. Logue of the Company.

16.     Defendant Michael F. Morrissey is a director of the Company.

17.     Defendant Philip J. Sanders is Chief Executive Officer and a director of the Company.

18.     Defendant Jerry W. Walton is a director of the Company.

19.     The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

20.     Through its subsidiaries, Waddell has provided investment management and wealth management services to clients throughout the United States since 1937.

21.     Today, the Company distributes its investment products through the unaffiliated channel under the IVY INVESTMENTS® brand (encompassing broker/dealer, retirement, and registered investment advisors), the wealth management channel (through independent financial advisors associated with WADDELL & REED, INC.), and the institutional channel (including defined benefit plans, pension plans, endowments, and subadvisory relationships).

22.     On December 2, 2020, Waddell's Board caused the Company to enter into the Merger Agreement with Macquarie.

23.     Pursuant to the terms of the Merger Agreement, Waddell's stockholders will receive $25.00 in cash for each share of Waddell common stock they own.

24.     According to the press release announcing the Proposed Transaction:

Waddell & Reed Financial, Inc. (NYSE: WDR) today announced it has entered into a merger agreement with Macquarie Asset Management, the asset management division of Macquarie Group (ASX: MQG; ADR: MQBKY), under which Macquarie would acquire all of the outstanding shares of Waddell & Reed for $25.00 per share in cash representing total consideration of $1.7 billion. . . .

The transaction has been approved by the Boards of Directors of Waddell & Reed Financial, Inc., Macquarie Group and LPL and is expected to close in the middle of 2021, subject to regulatory approvals, Waddell & Reed Financial, Inc. stockholder approval and other customary closing conditions.

Advisors and Counsel

J.P. Morgan Securities LLC served as lead financial advisor to Waddell & Reed Financial, Inc. Wells Fargo Securities, LLC also served as financial advisor and Norton Rose Fulbright US LLP served as lead counsel. RBC Capital Markets served as exclusive financial advisor and Allen & Overy served as lead counsel to Macquarie.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

25.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

26.     As set forth below, the Proxy Statement omits material information.

27.     First, the Proxy Statement omits material information regarding the Company's financial projections.

28.     The Proxy Statement fails to disclose: (i) all line items used to calculate EBITDA and unlevered free cash flow; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

29.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

30.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan").

31.     With respect to J.P. Morgan's Sum-of-the-Parts – Public Trading Multiples Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

32.     With respect to J.P. Morgan's Sum-of-the-Parts – Selected Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

33.     With respect to J.P. Morgan's Sum-of-the-Parts – Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the terminal values for the Company; (iii) the individual inputs and assumptions underlying the terminal value growth rates and discount rates used in the analysis; and (iv) the estimated cash, liquid securities, and total debt used in the analysis.

34.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

36.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Waddell**

37.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Waddell is liable as the issuer of these statements.

39.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

40.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

41.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

42.     The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

43.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

44.     Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants**

45.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of Waddell within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Waddell and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

49.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

50.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  February 3, 2021                    **RIGRODSKY LAW, P.A.**

                                    By:   */s/ Gina M. Serra*
                                          Seth D. Rigrodsky (#3147)
                                          Gina M. Serra (#5387)
                                          Herbert W. Mondros (#3308)
                                          300 Delaware Avenue, Suite 210
                                          Wilmington, DE 19801
                                          Telephone: (302) 295-5310
                                          Email: sdr@rl-legal.com
                                          Email: gms@rl-legal.com
                                          Email: hwm@rl-legal.com

                                          *Attorneys for Plaintiff*